**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**NANCY L. SLOAN,**

           **Plaintiff,**

**-vs-**                                                 **Case No. 6:13-cv-817-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

_____

# Memorandum Opinion & Order

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for disability benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **AFFIRMED.**

## I.  BACKGROUND

### A.  Procedural History

Plaintiff filed for a period of disability and disability benefits on April 23, 2010, alleging an onset of disability on January 31, 2009, due to degenerative disc disease and pain radiating to her shoulders/arms, legs/knees, and feet. R. 156-62. Her application was denied initially and upon reconsideration. R. 60, 109-15. Plaintiff requested a hearing, which was held on September 28, 2011, before Administrative Law Judge Douglas A. Walker (hereinafter referred to as "ALJ"). R. 75-92.

In a decision dated October 27, 2011, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. R. 68. Plaintiff timely filed a Request for Review of the ALJ's decision, which the Appeals Council denied on March 21, 2013. R. 1-7. Plaintiff filed this action for judicial review on May 28, 2013. Doc. 1.

### B. Medical History and Findings Summary

At the time of the hearing, Plaintiff was fifty-five years of age, and had completed the twelfth grade. R. 76, 180. Plaintiff alleged an onset date of disability of January 31, 2009. R. 60. Prior to the alleged onset date, Plaintiff was employed as a customer service representative. R. 181.

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of pain in her lower back, shoulders/arms, legs/knees, feet, and neck. R. 210, 236. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, and status post arthroscopy of the left shoulder, which were "severe" medically determinable impairments, but were not impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 62-63. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work, with certain limitations. R. 63. Based upon Plaintiff's RFC, the ALJ determined that she could perform her past relevant work as a customer service representative. R. 67. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. R. 68.

Plaintiff now asserts two points of error. First, she argues that the ALJ erred in determining that the claimant had the residual functional capacity to perform sedentary work after failing to consider all of the limitations noted by the state agency physician. Second, she contends the ALJ

erred in evaluating her credibility. For the reasons that follow, the decision of the Commissioner is **AFFIRMED**.

## II.     STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not

have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).

## III.   ISSUES AND ANALYSIS

### A.   RFC

Plaintiff argues that the ALJ should not have found she had the RFC to perform sedentary work after failing to consider all of the limitations noted by the state agency physician.  The Commissioner argues that the ALJ did not state he was adopting the opinion of the State agency reviewing physician, and he was not required to include all of his assessed limitations in the RFC finding because the ALJ is ultimately responsible for determining Plaintiff's RFC based on the full record, not just the relevant medical evidence. R. 67.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments.  20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997).  The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof.  *Id.*  Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  *See Lewis*, 125 F.3d at 1440; *Edwards*, 937 F.2d at 583; 20 C.F.R. §§ 404.1527(d), 416.927(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.

-4-

20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

In this case, the ALJ determined Plaintiff had the RFC to perform sedentary work as she could sit six hours in an eight-hour workday and stand and walk two hours in an eight-hour workday. R. 63. The ALJ found that Plaintiff could lift 10 pounds, however, she could never climb ladders, ropes or scaffolding, and she had occasional postural limitations in climbing ramps and stairs, as well as balancing, stooping, kneeling, crouching and crawling. R. 63. Based on this RFC, the ALJ determined that Plaintiff could perform her past relevant work as a customer service representative, thus, she was not disabled. R. 67-68.

Plaintiff's medical records indicate that she had a history of lower back and neck pain, as well as shoulder pain, beginning around the time of her alleged onset date of January 31, 2009. In October 2008, Plaintiff was referred to Dr. Gregory Munson at Jewett Orthopaedic Clinic by her primary care doctor (Dr. Awan) for a consultation on her lumbar pain. R. 300-03. Dr. Munson's physical examination of Plaintiff noted that she had a full range of motion in the lumbar spine with minimal tenderness to palpation midline at L5-S1, and straight leg test was negative, with nonpitting edema bilaterally in the lower extremities, and muscle strength 5/5 bilaterally in the lower extremities. R. 302-03. X-rays taken that day revealed no acute bony abnormalities, but a slight anterior listhesis of L5 on S1 and diffuse degenerative changes throughout the entire lumbar spine and acute spondylitic changes through the entire lumbar spine. R. 303. Dr. Munson diagnosed Plaintiff with degenerative disc disease, lumbar spine, and lumbar spondylosis. R. 303. Due to complications with her medication she was to continue to receive Percocet from her primary care physician, but Dr. Munson prescribed a medication for muscle spasms and ordered an MRI of her lumbar spine. R. 303. A

lumbar MRI performed on October 30, 2008 showed severe bilateral facet joint arthropathy at L5-S1. R. 314.

Plaintiff did not receive further orthopedic treatment again until the following October. In the interim, leading up to her alleged onset date in January 2009, Plaintiff experienced a stomach infection for two months, with hospitalization, prior to her termination by her employer. R.77-78 ("[I]n that two years I was in the hospital several times so they just kind of got rid of me due to illness"). In October 2009, Plaintiff complained of increasing discomfort in her left shoulder area to Dr. Awan; the physical examination revealed positive tenderness between C5-7 in the cervical spine and positive tenderness around the anterior superior aspect of the left shoulder. R. 392-93. She was prescribed medication for the shoulder and referred to an orthopedist. R. 393.

Also in October 2009, Plaintiff also began receiving treatment from Dr. George Kamajian[1] for pain management based on a recommendation from Plaintiff's brother who was a patient there. R. 319. After reviewing Plaintiff's objective testing, the doctor prescribed Oxycodone 30mg three times a day, OxyContin 40 mg twice a day, Soma, and Ambien. R. 319. Dr. Kamajian ordered an MRI of the cervical spine dated November 3, 2009, which reported a "severely limited exam due to artifact from orthopedic hardware as the patient is status post C4-5, C5-6 and C6-7 fusion." R. 312. The MRI suggested multilevel significant central canal and neural foraminal stenosis from C3-4 through C6-7, although these findings were "questionable due to artifact, and also as these findings were predominantly seen on the axial images only." R. 312. Dr. Kamajian continued to prescribe pain medications for Plaintiff through April 2010. R. 331-54.

In January 2010, Plaintiff was seen by Dr. Jablonski of Jewett Orthopaedic Clinic for complaints of continued pain in her left shoulder. R. 306-07. During the physical examination, Plaintiff exhibited a decreased range of motion, as well as pain and weakness. R. 307. The MRI scan

---

[1] Dr. Kamajian's practice is in Indian Shores, Florida and is listed as Dr. K's Med Spa on the website.

performed two months earlier revealed rotator cuff tendinopathy; partial tearing of the rotator cuff; severe bicipital tenosynovitis; AC joint hypertrophy; and adhesive capsulitis. R. 307. Dr. Jablonski recommended surgery, but also prescribed Percocet for pain. R. 307. Plaintiff underwent left shoulder arthroscopy, chondroplasty, debridement of labral fraying, decompression, distal clavicle resection and repair of rotator cuff on February 3, 2010. R. 65, 304. Plaintiff returned for follow-up a few weeks later and stated her pain was getting better each day, and Plaintiff had no new complaints at the time. R. 304.

In March 2010, Plaintiff returned to Dr. Awan indicating that she was experiencing diffuse myalgias and arthralgias. R. 378. Dr. Awan indicated that Plaintiff was suffering from fibromyalgia, and gave her a prescription for Percocet. R. 379. In April 2010, Plaintiff's primary care physician, Dr. Awan, examined her and diagnosed her with gouty arthritis with foot pain; fibromyalgia; pelvic pain; and depression and anxiety, and increased her pain medication, Percocet, to one every eight hours in an attempt to control her pain. R. 373. Plaintiff received prescriptions for Percocet during January to March 2010 even though she was apparently on pain medications – Oxycodone and OxyContin – from Dr. Kamajian at the same time, through April 2010. R. 331-54.

In May 2010, Plaintiff began treatment with Dr. Nathan Hanflink for pain management, on referral from Dr. Awan. R. 361-62. Plaintiff indicated that she was experiencing low back pain with occasional radiation into her right hip. R. 361. Dr. Hanflink noted the lumbar MRI indicated multilevel disk bulges, as well as moderate to severe facet joint arthropathy most pronounced at the L5-S1 level. R. 361. The physical examination revealed positive tenderness to palpation over the paravertebral L3-S1 levels bilaterally; lumbar muscle spasms; and a decreased range of motion secondary to pain. R. 362. Dr. Hanflink opined that Plaintiff should undergo a series of facet joint injections, as well as continued pain medications, OxyContin, Oxycodone and Soma. R. 362.

In June 2010, Dr. Awan saw Plaintiff for follow-up on her back pain and noted Plaintiff's complaint of slight tingling and numbness in the lower extremities; however, the examination showed no neck rigidity, no stiffness, no tenderness and normal range of motion, no edema in her extremities. R. 370. He diagnosed Plaintiff as having restless leg syndrome with leg cramping; fibromyalgia with chronic back pain; and chronic anxiety with depression. R. 371.

Dr. Hanflink administered a series of facet injections between June and August 2010. R. 411-14. In August 2010, Dr. Hanflink noted that Plaintiff had gotten good relief from the last facet injection, but it only lasted approximately two days before the pain returned to 50 to 60% improvement. R. 411, 428-30. Plaintiff returned to Dr. Hanflink from August through November 2010 and throughout 2011 for continued pain management and pain medication was prescribed at each visit. R. 410, 451-459. In October 2010, Plaintiff underwent a series of cervical epidural steroids. R. 462. Plaintiff returned in November 2010 and the neuromuscular examination was essentially unchanged R. 461. Dr. Hanflink noted that Plaintiff was neurovascularly intact to the upper extremities and her deep tendon and reflexes and motor was intact. R. 461.

Plaintiff received treatment at Florida Hospital in March 2011 for shortness of breath, but Plaintiff had a normal sensory neurologic evaluation. R. 439. Progress notes from Dr. Hanflink in February, March, and April 211 showed the neuromuscular examination unchanged, and in June 2011, Plaintiff's vital signs were stable and neuromuscular examination was essentially unchanged. R. 455-58. When Plaintiff's pain medications were refilled in July, August and September 2011, the examination results were unchanged. R. 451-53.

Records submitted to the Appeals Council after the ALJ's decision from the National Pain Institute dated November 2011 indicate Plaintiff reported that the Oxycontin, Oxycodone, and Soma prescribed by Dr. Hanflink "she feels were working for pain." R. 44. Records from Premcare Family

-8-

Medical Center dated August 2012 indicate the pain medication "seems to be helping" her chronic back pain.  R. 23, 25.

Plaintiff argues that the erred in determining her RFC by failing to consider and weigh all of the pertinent evidence of Plaintiff's limitations. She argues that although the ALJ indicated that he "partially agree[d] with the state agency and the state agency physician that she can sit six hours in an eight-hour workday," he omitted the limitation imposed by the state agency physician that Plaintiff was limited in her ability to use her upper extremities.  R. 419. Plaintiff contends the ALJ should have included this limitation in the residual functional capacity determination particularly because Plaintiff noted that her past relevant work required her to reach six hours a day (R. 200).

The Commission responds that the ALJ did not state that he was adopting wholesale the findings of the state agency reviewing physician (R. 67, 418-25) but, rather, the ALJ indicated he was only *partially* agreed with the state agency physician[2] regarding Plaintiff's limitations. R. 67, 419. The ALJ did not include a limitation in his RFC finding that Plaintiff would be limited in her ability to push and pull and in reaching with her upper extremity (R. 63, 419, 421). In the state agency physician's explanatory notes, he stated that Plaintiff would be limited in "[left] overhead push/pull" to frequently.  R. 419.  Plaintiff did not testify that her customer service position required any overhead reaching. Moreover, the ALJ specifically found that "following left shoulder surgery, she did not have any complaints after a month and was doing well according to her orthopedist physician"; she had full range of motion of her upper and lower extremities; and no problems with fine or gross manipulation.  R 67.  The ALJ's decision was based on substantial evidence.

**B.     Pain and credibility.**

---

[2]To the extent Plaintiff argues that the limitations of the state agency reviewing physician checked off on the RFC form must be addressed by the ALJ pursuant to *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1179 (11th Cir. 2011), the *Winschel* decision is inapposite to the facts of this case.

Plaintiff asserts that the ALJ erred in evaluating her credibility and in assessing her pain by using the following "boilerplate" language, unsupported by substantial evidence:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

R. 67. The Commissioner argues that the ALJ's review of the entire record included a thorough review of Plaintiff's subjective complaints in accordance with the appropriate regulatory criteria and with Eleventh Circuit case law.

Pain is a non-exertional impairment. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

In this case, the ALJ did not refer to the Eleventh Circuit's pain standard, however, he clearly was aware of the governing standards for evaluating subjective complaints because he cited the applicable regulations and Social Security Ruling ("SSR") 96-7p. R. 64. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002) (per curiam) (ALJ properly applied the Eleventh Circuit pain

-10-

standard even though he did not "cite or refer to the language of the three-part test" as "his findings and discussion indicate that the standard was applied"). Moreover, the ALJ complied with the appropriate standards. He obviously determined that plaintiff had an objective medical condition that could give rise to the alleged symptoms, because otherwise the ALJ would not be required to assess the credibility of the alleged complaints.

Although the ALJ's credibility discussion did begin with fairly routine "boilerplate" language, the ALJ recognized that he had to articulate a reasonable basis for his determination and, immediately after discussing Plaintiff's RFC, the ALJ stated:

> The claimant does have degenerative disc disease of the lumbar and cervical spine as well as status post left shoulder arthroscopy. The clinical findings are minimal for any disabling impairment. The only findings have been some tenderness and decreased range of motion of her spine. Following left shoulder surgery, she did not have any complaints after a month and was doing well according to her orthopedist physician. She had some issues with abdominal pain, however, this had resolved. The claimant suffers from no other impairments. She has full range of motion of her upper and lower extremities. She has normal motor strength, normal reflexes and no sensory loss. There is no indication that she has problems with fine or gross manipulation. The claimant's epidurals and pain management have relieved her pain. She reported no side effects from medication.
> * * *
> The claimant is a very pleasant individual. At the hearing, she was well represented by an experienced representative. The claimant has a commendable work history and was obviously a popular employee and very successful customer service representative with her very pleasant demeanor. The claimant has some difficulties and the undersigned is not unsympathetic to these difficulties but nonetheless is of the opinion that this very fine individual has significant potential.

R. 67.

When an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

-11-

In this case, the ALJ offered specific reasons for discrediting Plaintiff's subjective complaints, including inconsistencies between Plaintiff's testimony of disabling pain, and reports her medications were controlling the pain, as well as normal examination findings in the medical records, as well as inconsistencies between her statements and her activities of daily living. These are factors the ALJ is directed to consider. 20 C.F.R. §§ 404.1529; 416.929. Accordingly, the ALJ's reasons are supported by substantial evidence.

## IV.   CONCLUSION

For the reasons set forth above, the ALJ's decision is consistent with the requirements of law and is supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on August 20, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record